| | | |
|---|---|---|
| **WILLIAM CARL CRISP,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ERIK A. HOOKS, Secretary,** | ) | |
| **N. C. Dep't of Public Safety,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Petitioner William Carl Crisp's pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)

## I.   BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who was convicted by a Graham County jury of one count of statutory rape of a child aged 13, 14, or 15 in violation of N.C. Gen. Stat. § 14-27.7A(a). The trial court sentenced defendant to 202 - 252 months in prison.

Petitioner filed a direct appeal, and the North Carolina Court of Appeals ("NCCOA") found no error in the judgment. State v. Crisp, 697 S.E.2d 524 (N.C. Ct. App. 2010) (unpublished table decision). Petitioner did not seek discretionary review of the NCCOA's decision in the North Carolina Supreme Court ("NCSC"). See § 2254 Pet. (Doc. No. 1), at 2.

On March 5, 2019, Petitioner filed a motion for appropriate relief ("MAR") in the Graham County Superior Court. It was denied on April 16, 2019. Petitioner indicates he filed a petition for writ of certiorari in the NCCOA seeking review of the denial of his MAR, but he does not provide any information about the outcome.

Petitioner filed the instant § 2254 Petition on May 10, 2019.[1]  He raises the following grounds for relief:  1) ineffective assistance of counsel; 2) prosecutorial misconduct; and 3) violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1983).  On November 14, 2019, this Court entered an Order pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002), notifying Petitioner that his § 2254 Petition appeared to be untimely under § 2244(d)(1)(A) and providing him 21 days to file a document explaining why the Court should not dismiss his § 2254 Petition as untimely, including any reasons why equitable tolling should apply.  <u>See</u> <u>Hill</u> Notice (Doc. No. 6).  To date, Petitioner has not filed such an explanation or otherwise responded to the Hill Notice.

## II.    STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.  In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d).  <u>Hill</u>, 277 F.3d at 706.  The court may dismiss a petition as untimely under Rule 4, however, only if it is indisputably clear that the petition is untimely, or the petitioner has been provided notice that the petition is subject to dismissal as untimely and an opportunity to respond.  <u>Id.</u> at 706–707.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a

---

[1] Petitioner signed his Petition under penalty of perjury, attesting that he placed it in the prison mail box on March 8, 2019.  However, he included a copy of the April 16, 2019 state court order denying his MAR as an exhibit to his § 2254 Petition.  Accordingly, the Court uses the date the Clerk of Court received the Petition as the date Petitioner filed his Petition.  <u>Cf.</u> <u>Houston v. Lack</u>, 487 U.S. 266, 267 (1988).

statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Id., § 2244(d)(1)(A).[2] The limitations period is tolled during the pendency of a properly filed state post-conviction action. Id., § 2244(d)(2).

Judgment was entered in Petitioner's state criminal case on January 23, 2009, when he was sentenced. The NCCOA issued its opinion finding no error in the judgment on July 6, 2010. Crisp, 697 S.E.2d 524. Petitioner then had thirty-five (35) days to file a petition for discretionary review to the NCSC seeking review of the NCCOA's decision. See N.C. R. App. P. 15(b) ("A petition for review following determination by the Court of Appeals shall be . . . filed and served within fifteen days after the mandate of the Court of Appeals has been issued to the trial tribunal."); N.C. R. App. P. 32(b) ("Unless a court orders otherwise, its clerk shall enter judgment and issue the mandate of the court twenty days after the written opinion of the court has been filed with the clerk."). As noted, Petitioner did not seek discretionary review of the NCCOA's decision. Consequently, his judgment of conviction became final on or about August 10, 2010, when the time for seeking discretionary review in the NCSC expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it finally expired on or about August 10, 2011. Although the limitations period is tolled during the pendency of a properly filed state post-conviction action, see § 2244(d)(2), according to Petitioner, he did not file a state post-conviction action until March 5, 2019, when he filed his MAR. That MAR neither

---

[2] AEDPA provides three alternate start dates for the statute of limitation. See § 2244(d)(1)(B)-(D). The Petition, however, does not allege any facts that support application of one or more of those alternate dates.

resurrected nor restarted the statute of limitations.  See <u>Minter v. Beck</u>, 230 F.3d 663, 665–66

(4th Cir. 2000).  Consequently, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

Because Petitioner has not alleged any facts that would support equitable tolling of the statute of

limitations, the Petition shall be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (Doc. No. 1) is

   **DISMISSED** as untimely, <u>see</u> 28 U.S.C. § 2244(d)(1)(A); and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines

   to issue a certificate of appealability as Petitioner has not made a substantial showing

   of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537

   U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate

   that reasonable jurists would find the district court's assessment of the constitutional

   claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that

   when relief is denied on procedural grounds, a petitioner must establish both that the

   correctness of the dispositive procedural ruling is debatable, and that the petition states

   a debatably valid claim of the denial of a constitutional right).

Signed: March 21, 2020

Frank D. Whitney
Chief United States District Judge